**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

JOE HENRY SCOTT, III,            :
AIS 258485,

                                    :

       Petitioner,

                                    :

vs.                                  CA 09-0428-WS-C

                                    :

JERRY FARRELL,

                                    :

       Respondent.

**REPORT AND RECOMMENDATION**

       Joe Henry Scott, III, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d).

**FINDINGS OF FACT**

       1.      On September 11, 2007, petitioner entered a counseled guilty plea to possession of a controlled substance. (Doc. 21, Exhibit A, at 4; *see also*

*id.*, Exhibit B) Scott was sentenced to ten years imprisonment but this sentence was suspended pending his successful completion of a three-year term of supervised probation. (Doc. 21, Exhibit B, SENTENCING ORDER & ORDER OF PROBATION) Petitioner did not file a direct appeal. (*See* Doc. 21, Exhibit A, Case Action Summary Sheet)

2.      On March 26, 2008, Scott's probation was revoked and he was ordered to serve the balance of his original ten-year sentence. (*See* Doc. 21, Exhibit C, ORDER OF COMMITMENT TO JAIL; *see also id.*, Probation Revocation Hearing Transcript, at 17 ("Mr. Scott, I'm going to order you to serve your ten year sentence. No intermediate sanctions are imposed due to your failure to do anything while you were on probation that you had been ordered to do. I need to advise you that you have the right to appeal this conviction and sentence. If indigent, you have the right to court-appointed counsel and the court reporter's transcript provided to you without cost.")) Scott's attorney, who represented him both in connection with entry of his guilty plea and also at his probation revocation hearing (*compare* Doc. 21, Exhibit A, Case Action Summary Sheet, at 3 (reflecting November 16, 2006 appointment of Jim Scroggins) *with id.*, Exhibit C, Probation Revocation Hearing Tr., at 5 (Scroggins representing Scott)), filed written notice of appeal

2

on April 23, 2008 (*id*., NOTICE OF APPEAL TO THE COURT OF

CRIMINAL APPEALS OF ALABAMA). In the notice of appeal, petitioner's

attorney requested that counsel be appointed to represent Scott on appeal. (*Id*.)

The trial court granted this request and J. Russell Pigott, Esquire, was

appointed to represent Scott on appeal. (*See* Doc. 21, Exhibit D)

      3.      On October 24, 2008, the Alabama Court of Criminal Appeals,

by memorandum opinion, affirmed the trial court's judgment revoking Scott's

probation. (Doc. 21, Exhibit E)

> In September 2007, Joe Henry Scott was placed on probation following a conviction for unlawful possession of a controlled substance. In January 2008, Scott was charged with violating the conditions of his probation by failing to pay court-ordered monies, by failing to enter and complete a drug-treatment program, by failing to submit to drug screens, and by failing to meet with the probation and court referral officers. A probation revocation hearing was held on March 26, 2008, at which the trial court revoked Scott's probation.

> Defense counsel has filed a brief with this court stating that he can find no arguable error in the record, citing <u>Anders v. California</u>, 386 U.S. 738 (1967). We have reviewed the record and find that it supports counsel's assertion that there is no error. Further, Scott has failed to file additional issues with this Court.

> Based on the foregoing, the judgment of the trial court is affirmed.

(*Id*.) A certificate of final judgment of affirmance was issued by the Alabama

Court of Criminal Appeals on November 12, 2008. (Doc. 21, Exhibit F)

4.      Scott filed the instant petition on or about June 26, 2009. (*See* Doc. 1, at 8) Scott was ordered to re-file his petition on this Court's form (Doc. 3) and from that document the undersigned discerns that petitioner raises the following claims which he contends entitle him to relief: (1) his conviction was obtained by plea of guilty which was unlawfully induced or which was not made voluntarily with an understanding of the nature of the charge and the consequences of the plea; (2) his conviction was obtained by use of a coerced confession; (3) his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest; (4) his conviction was obtained by violation of the privilege against self-incrimination; (5) his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him; (6) his conviction was obtained by violation of the prohibition against double jeopardy; (7) denial of effective assistance of trial counsel; and (8) denial of the right to appeal (Doc. 4, at 15)[1]

---

[1]      In each of these grounds, save perhaps the last one, Scott is attacking his underlying conviction for possession of a controlled substance as opposed to the revocation of his probation. Therefore, this Court, as set forth more fully *infra,* properly finds Scott's petition barred by the one-year statute of limitations. As for Scott's contention that he was denied the right to appeal, the undersigned finds such allegation baseless. Contrary to petitioner's assertions (*see, e.g.,* Doc. 17), the trial court specifically informed him of his right to appeal the revocation of his probation (Doc. 21, Exhibit C, Tr. at 17). Moreover, petitioner's attorney filed written notice of appeal and counsel on appeal filed an appellate brief, albeit an *Anders* brief. Finally, the claims which Scott now attempts to press do not constitute a proper attack on his revocation proceedings. Accordingly, the undersigned finds petitioner's argument, that during the months of August through November of 2008 he was told by the appellate court that he could file no appeal

4

5.      Petitioner filed a motion for summary judgment and dismissal of action on September 24, 2009 (Doc. 17); this motion, which simply reiterated the foregoing grounds for relief (*see id*.), was carried to trial (Doc. 23).[2] The respondent answered the petition on October 29, 2009. (Doc. 21) In response to this Court's show cause order (Doc. 24), petitioner, on November 5, 2009 filed a pleading titled "(Motion to Dismiss & Summary Judgment)" (Doc. 25). Therein, petitioner relies upon Rule 60(b)(2) & (3) of the Federal Rules of Civil Procedure and argues that he is entitled to relief from judgment based upon newly discovered evidence and misrepresentations of counsel. (*See id*.)

## CONCLUSIONS OF LAW

### A.      Statute of Limitations.

1.      The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions

---

due to his entry of a guilty plea (*see* Doc. 17, at ¶ 9), wholly baseless.

[2]      In light of the contents of this report and recommendation, the undersigned recommends that petitioner's motion for summary judgment and dismissal of action (Doc. 17) be **DENIED**. In addition, to the extent it is necessary, the undersigned recommends that Scott's November 5, 2009 motion to dismiss and for summary judgment (Doc. 25) be **DENIED**.

pursuant to 28 U.S.C. § 2254.  *Wilcox v. Florida Dept. of Corrections*, 158

F.3d 1209, 1210 (11th Cir. 1998).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

> 2.     Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not

apply to petitioner's case and therefore, the timeliness of Scott's petition must

be calculated under § 2244(d)(1)(A) based upon the date on which his possession of a controlled substance conviction became final.  "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is obviously not applicable in this case since Scott's conviction became final in 2007.

3.     Section 2244(d)(1)(A) specifically provides that the one-year limitations period will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" Since he did not file a direct appeal from his conviction and sentence, Scott's unlawful possession of a controlled substance conviction became final on October 23, 2007 when the forty-two-day period in which to orally or in writing file notice of appeal expired.  Rule 4(a), Ala.R.App.P.; *Symanowski v. State*, 606 So.2d 171 (Ala. Crim. App. 1992); s*ee Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) ("Bridges pled guilty to terroristic threats, aggravated assault and stalking charges, and was sentenced to 26 years' imprisonment on November 12, 1996. He did not appeal his

convictions and sentences, but he did request that his sentence be reviewed by a sentence review panel, pursuant to O.C.G.A. § 17-10-6. . . . As provided in 28 U.S.C. § 2244(d)(1)(A), his judgment became final on the date that the time for seeking direct review expired; this date was not affected by his application for sentence review, because an application for sentence review is not a part of the direct appeal process under Georgia law. . . . Accordingly, Bridges' judgment of conviction became final on December 21, 1996, the date on which his 30-day right to appeal the November 21, 1996 judgment expired."); *Tinker v. Moore*, 255 F.3d 1331, 1332 & 1333 (11th Cir. 2001) ("Tinker was convicted on the robbery charge, and on January 29, 1997, the Third District Court of Appeal affirmed his conviction. . . . The mandate issued on February 14, 1997. . . . Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on his direct appeal. . . . Tinker's mandate issued on February 14, 1997, and thus he had until February 13, 1998, to file his § 2254 petition, absent tolling of the limitations period."), *cert. denied*, 534 U.S. 1144, 122 S.Ct. 1101, 151 L.Ed.2d 997 (2002).[3]

---

[3]      This Court recognizes that AEDPA's one-year statute of limitations "allows a prisoner the time to seek direct review in the Supreme Court of the United States." *Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006); *see also Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) ("Appellant was entitled to file a petition for writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him by the Florida Supreme Court. Sup.Ct.R. 13.1. The statute of limitations under 28 U.S.C. § 2244(d) should not have

4.      Scott's one-year period of limitations under AEDPA began to run on October 23, 2007 and expired on October 23, 2008. Petitioner is unable to take advantage of the tolling provision built into § 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

_____

begun to run until this 90-day window had expired. Appellant's state judgment became final on December 13, 1996, when the Florida Supreme Court denied Appellant's motion for a rehearing. The statute of limitations should have begun to run, therefore, on March 17, 1997."). However, in those instances, as here, where a petitioner is not entitled to seek review in the Supreme Court of the United States, he is not entitled to the benefit of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court, Sup. Ct. R. 13.1 ("Unless otherwise provided by law, a petition for writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after the entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where . . . any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States."). *See Pugh,* 465 F.3d at 1299-1300. As previously established, Scott did not appeal his conviction and sentence; therefore, he was not entitled to seek direct review in the United States Supreme Court. *See id*. As aforesaid, Scott's conviction became final when the forty-two days for appeal ran, *see Symanowski, supra,* and this Court need not add to that final judgment date the 90 days contemplated in Supreme Court Rule 13.1, *compare Pugh,* 465 F.3d at 1299-1300 *with Tinker, supra,* 255 F.3d at 1332 & 1333.

toward any period of limitation in [subsection (d)].'"); *cf. Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000) ("We agree with the Tenth and Fifth Circuits that the time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes."), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129, 148 L.Ed.2d 995 (2001), because he filed no state collateral attacks on his conviction and sentence. In fact, petitioner makes no argument that § 2244(d)(2) is applicable in this case.

5. Recent decisions of the Eleventh Circuit have clearly embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are

both beyond his control and unavoidable even with diligence.'" *Steed v. Head,*
219 F.3d 1298, 1300 (11th Cir.2000) (citation omitted).  Thus, the one-year
limitations provision need not be equitably tolled unless there is evidence that
"extraordinary circumstances" beyond petitioner's control made it impossible
for him to file his petition on time.  *See Miller v. New Jersey State Dept. of
Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is
proper only when the 'principles of equity would make [the] rigid application
[of a limitation period] unfair.' . . . Generally, this will occur when the
petitioner has 'in some extraordinary way . . . been prevented from asserting
his or her rights.' . . . The petitioner must show that he or she 'exercised
reasonable diligence in investigating and bringing [the] claims.' . . . Mere
excusable neglect is not sufficient."); *Calderon v. United States District Court
for the Central District of California*, 128 F.3d 1283, 1288 (9th Cir. 1997)
("Equitable tolling will not be available in most cases, as extensions of time
will only be granted if 'extraordinary circumstances' beyond a prisoner's
control make it impossible to file a petition on time."), *cert. denied*, 522 U.S.
1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) and *cert. denied sub nom. Beeler
v. Calderon*, 523 U.S. 1061, 118 S.Ct. 1389, 140 L.Ed.2d 648 (1998).

   6.  In this case, petitioner has not established that the instant habeas

corpus petition was timely filed nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'"). Petitioner makes no argument that he was ignorant of the one-year limitations period.  It is apparent to the undersigned that nothing other than petitioner's own lack of due diligence is responsible for the untimeliness of the filing of the instant petition. While Scott contends that he was denied, from August through November of 2008, access to prisoner legal "kits" with which to file proper legal documents in state court (Doc. 17, at 2; *see also* Doc. 4, at 15-16), he makes no argument that he desired to file a pleading in this Court and, therefore, cannot establish his due diligence with respect to filing a timely habeas corpus petition in federal court. In addition, Scott's more recent argument that Fed.R.Civ.P. 60(b)(2) & (3) entitles him to relief from judgment, due to newly discovered evidence and misrepresentations of counsel, is baseless.[4] Accordingly, the undersigned is

---

[4]      "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [and] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed.R.Civ.P. 60(b)(2)-(3). Rule 60(b) of the Federal Rules of Civil Procedure has no application to

unable to find that this is one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period.

## **CONCLUSION**

The Magistrate Judge recommends that the instant petition be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 12th day of November, 2009.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

petitioner's habeas corpus case inasmuch as this Court did not enter the final judgment from which Scott seeks relief. In this case, Scott seeks relief from his state-court conviction for possession of a controlled substance, a judgment of conviction entered by the Circuit Court of Baldwin County, Alabama. Accordingly, this rule has no application because it speaks only to civil judgments entered by federal district courts, not criminal judgments entered by state trial courts.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      ***Objection***.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.